# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SAMUEL I. WHITE, 42384-083 | * |
| Petitioner, | * Civil Action No. JFM-15-3586 |
| v | * |
| WARDEN TIMOTHY STEWART, | * |
| Respondent. | * |

## MEMORANDUM

Pending is Samuel I. White's motion to proceed in forma pauperis and petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, seeking vacatur of his convictions in the United States District Court for the Eastern District of Virginia (Alexandria). The court deems a hearing unnecessary. *See* Local Rule 105.6 (Md. 2014). For reasons to follow, the petition will be dismissed with prejudice.

## BACKGROUND

White was convicted by a jury in 2006 of one count of conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§846, 841(a)(1) (2006), one count of distribution of cocaine base in violation of §841(a)(1), one count of possession with intent to distribute cocaine base in violation of §841(a)(1), one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. §924(c)(1)(A) (2006), one count of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §922(k) (2006), and one count of possession of a firearm and ammunition after a felony conviction in violation of 18 U.S.C. §§922(g)(1), 924(a)(2) (2006). He was sentenced to 435 months in

prison. The United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. *See United States v. White*, 232 Fed. Appx. 346 (4th Cir. 2007) (unpublished).

White, through counsel, then filed a motion to vacate pursuant to 28 U.S.C. §2255 which was denied by the Eastern District of Virginia on the ground that his counsel, Eric Von Logan, was not admitted to practice in that court. Von Logan misrepresented to White that the district court dismissed the motion as time-barred.[1] White later filed a motion for relief from that decision pursuant to Fed. R. Civ. P. 60(b), which was denied by the district court. On appeal, the Fourth Circuit vacated the order denying the Rule 60(b) motion and remanded the matter to the district court for further consideration. *United States v. White*, 381 Fed. Appx. 289 (4th Cir. 2010) (unpublished).

The district court subsequently granted White time to file a supplemental motion to vacate under 28 U.S.C. §2255, which he did on August 20, 2010. *White v. United States*, Civil Action No. 10-035 (E. D. Va. November 16, 2015).

In the instant §2241 petition, filed November 20, 2015, White complains five years have passed without a decision on his pending §2255 motion. (ECF 1). He claims the delay violates due process and renders §2255 an inadequate and ineffective remedy. As relief, he asks that this court vacate his convictions and sentences.

According to the electronic docket, accessed through the Pacer system, https://ecf.vaed.uscourts.gov/cgibin/DktRpt.pl?785292645016302-L_1_0-1, on November 16, 2015, the Honorable Claude M. Hilton denied White's §2255 motion to vacate in *White v. United States*, Civil Action No. 10-035.

---

[1] *See* White *v. United States*, Civil Action No. 10-035 (E.D.Va. November 16, 2015); *see also* https://ecf.vaed.uscourts.gov/cgi-bin/DktRpt.pl?785292645016302-L_1_0-1.

2

## DISCUSSION

A motion to vacate, set aside or correct sentence under 28 U.S.C. §2255 is typically the exclusive remedy for testing the validity of federal judgments and sentences. 28 U.S.C. §2255(a); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Attacks on the execution of a sentence are properly raised in a §2241 petition. *Id.* at n. 5. "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing court, a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined." *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008); 28 U.S.C. §2241(a); 28 U.S.C. §2255(a).

A federal prisoner may not collaterally attack a conviction or sentence in a §2241 petition unless the remedy available is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). This provision, often referred to as the "savings clause," does not trigger "merely ... because an individual is procedurally barred from filing a Section 2255 motion[.]" *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petitioner bears the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001).

The United States Court of Appeals for the Fourth Circuit has held that §2255 is inadequate and ineffective to test the legality of a conviction when: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be

3

criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d at 333-44.

White does not address, much less satisfy, the elements of the test announced in *Jones*. Instead, White claims summarily that the remedies available to him under §2255 are inadequate and ineffective because of the "five (5) year (and continuing) delay" in deciding his motion. (ECF 1, p. 8.). In fact, this motion to vacate was considered and denied on its merits by the sentencing court shortly before this §2241 motion was filed. *White v. United States*, Civil Action No. 10-035. As he fails to demonstrate the remedy provided under §2255 is neither unavailable nor inadequate, White may not attack his criminal judgment in this court by way of this §2241 petition. To the extent White may be disappointed with the outcome of his §2255 proceeding, he may seek a certificate of appealability or file any other appropriate motion in the district where he was sentenced or in the United States Court of Appeals for the Fourth Circuit.

## CONCLUSION

For these reasons, the petition will be dismissed with prejudice. A certificate of appealability may issue only if there is a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 3553(c), and this standard has not been met. Accordingly, the court declines to issue a certificate of appealability. A separate order follows.

_December 3, 2015_
Date

_/s/_
J. Frederick Motz
United States District Judge

BY_____ DEPUTY
AT BALTIMORE
CLERK'S OFFICE
2015 DEC -3 PH 4: 05
DISTRICT OF MARYLAND
U.S. DISTRICT COURT
FILED

4